UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DUNBAR,

    Plaintiff,                           No. 15-11573

v.                                    District Judge Denise Page Hood
                                        Magistrate Judge R. Steven Whalen

DANIEL HEYNS, ET AL.,

    Defendants.

_____/

## ORDER

Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") has filed a *pro se* civil complaint alleging numerous claims under 42 U.S.C. § 1983, as well as an apparent habeas corpus claim under 28 U.S.C. § 2241.[1] He has presented the following motions:

-Motion for Order Directing MDOC to Deliver Plaintiff's Legal Papers and Other Personal Property [Doc. #40].

-Motion for Transfer to a Federal Prison [Doc. #41].

-Second Motion for Transfer to a Federal Prison [Doc. #42].

-Third Motion for Transfer to a Federal Prison [Doc. #43].

---

[1] Plaintiff appears to claim that he is entitled to release because he has served his sentence of 20 to 40 years for first-degree criminal conduct plus a consecutive two years for possession of a firearm during the commission of a felony ("felony-firearm"), and was not awarded disciplinary credits. He also claims that MDOC officials injected him with the Hepatitis C virus, that he is not receiving medical treatment, that MDOC officials threatened to "shoot him up with medicine to shut him up," that MDOC officials placed a dangerous prisoner in his cell so that he would be attacked, that he is in imminent danger, that he is actually innocent of the offenses of which he was convicted, that he is being threatened by other inmates, and that MDOC officials are not processing his grievances.

-Emergency Motion for Transfer to a Federal Prison and to Deliver Legal Documents and Personal Property [Doc. #44].[2]

### A.   Return of Property

Plaintiff asks in very general terms that unspecified legal documents and personal property, such as pictures, cosmetics, and batteries, be returned to him.  He does not state who has this property, or how he came to be dispossessed of it.  His complaint does not contain a claim involving lost property.  He does not allege that any of the Defendants in this case have his property, and in any event, none of the Defendants have been served.  This Court does not have personal jurisdiction over any person or entity that might have his property.  Indeed, in Motion #40, he bases his relief on MDOC Policy Directive 04.07.112.  Therefore, at this point, the Plaintiff's remedy regarding lost property lies within the MDOC grievance procedure, not in this Court.

### B.   Transfer to Federal Prison[3]

This Court does not have the authority to order Plaintiff's transfer from the MDOC to a federal prison for service of his State of Michigan sentence. In *Fisher v. Goord*, 981 F. Supp. 140, 176 (S.D.N.Y. 1997), the Court held that "when a state has primary custodial jurisdiction over an inmate, a federal court cannot order the delivery of the defendant for service of a sentence in a federal institution.  Such an order would be tantamount to a transfer of custody beyond the jurisdiction of the federal court."

---

[2] On June 3, 2015, Plaintiff also filed a motion for transfer to a federal prison [Doc. #11].  That motion was denied as moot when the Court dismissed Plaintiff's complaint without prejudice on October 8, 2015, for failure to prosecute  [Doc. #18]. On January 6, 2017, the Sixth Circuit vacated the order of dismissal and remanded for further proceedings [Doc. #35].

[3] This is not the first case in which Plaintiff asked for and was denied transfer to a federal prison.  *See Dunbar v. Caruso*, E.D. Mich. No. 11-10123, Doc. #20 and #32 at 16-17.

## C. Conclusion

Accordingly, Plaintiff's motions [Nos. 40, 41, 42, 43, and 44] are DENIED.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 26, 2017

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on June 26, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen
