UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSEPH GREGORY DUNBAR,      )
# 129278,                   )
                            )
            Plaintiff,      )
                            )        Case No. 1:18-cv-617
v.                          )
                            )        Honorable Paul L. Maloney
BRADLEY ROZEN, et al.,      )
                            )
            Defendants.     )
_____)

## **REPORT AND RECOMMENDATION**

This is a civil rights action brought pro se by a state prisoner pursuant to 42 U.S.C. § 1983.  This lawsuit arises out of conditions of plaintiff's confinement at the Richard A. Handlon Correctional Facility.  Plaintiff alleges that Counselor Bradley Rozen, Corrections Officer Carey Upper, and Assistant Resident Unit Supervisor (ARUS) Robert Woldhuis violated his First and Eighth Amendment rights by assigning him Muslim cellmates with the intention of harming him.  Plaintiff alleges that Mail Room Supervisor Margaret Meier prevented him from communicating with lawyers regarding various claims, in violation of his First Amendment right of access to courts.[1]

The matter is before the Court on defendants' motion for partial summary judgment based on the affirmative defense of failure to exhaust administrative

_____

[1] All other claims have been dismissed.  (ECF No. 47).

remedies, as required by 42 U.S.C. § 1997e(a).[2]  (ECF No. 91).  Plaintiff opposes the motion.  (ECF No. 93, 94).  For the reasons set forth herein, I recommend that the Court grant defendants' motion for partial summary judgment, and dismiss all plaintiff's claims, other than his claims against ARUS Woldhuis stemming from housing him with prisoner Chad Bryant and against Counselor Rozen stemming from housing him with prisoner Conus Russell.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

---

[2] ARUS Woldhuis is not seeking summary judgment on plaintiff's claims stemming from housing him with prisoner Chad Bryant, and Counselor Rozen is not seeking summary judgment on plaintiff's claims stemming from housing him with prisoner Conus Russell.  (ECF No. 92, PageID.516-17).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "[W]here the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing

-3-

must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted).  In other words, the movant with the burden of proof " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056.  Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

<u>**Standards Applicable to the Affirmative Defense
of Failure to Exhaust Remedies**</u>

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies.  A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies.  42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734.  "This requirement is a strong one.  To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even

-4-

when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at

90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[3] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

---

[3]A copy of the policy directive is found in the record. (*See* ECF No. 92-3, PageID.660-66).

## Proposed Findings of Fact

The following facts are beyond genuine issue.  Plaintiff was an inmate held in the custody of the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU) during the period at issue.[4]  Defendants were MDOC employees at MTU during this period.

Plaintiff filed a number of grievances, and he pursued some of them through a Step III decision before he filed this lawsuit.  (ECF No. 92-1, PageID.522-88; ECF No. 92-2, PageID.590-658).  Two grievances are related to plaintiff's claims; accordingly, they warrant further discussion.[5]

A. MTU-14-05-721-3b

On May 29, 2014, MTU's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. MTU-14-05-721-3b.  (ECF No. 92-2, PageID.612).  This was a grievance against ARUS Woldhuis.  Plaintiff alleged that on May 26, 2014, his cellmate "Brian # 804168"[6] had been "drunk, urinating in the room [and] throwing it out the window, passing gas, yelling and laughing standing on the desk."  (*Id.*).  Plaintiff claimed that his cellmate told him that ARUS Woldhuis assigned him to plaintiff's cell to teach him a lesson.  Plaintiff also asserted that on

---

[4] Plaintiff is currently an inmate at the Lakeland Correctional Facility.  (ECF No. 96).
[5] Defendants' brief contains a discussion of two grievances regarding mail handling: MTU-12-01-91-15F and MTU-16-02-152-15b.  (ECF No. 92, PageID.510-11).  It is not necessary to discuss those grievances herein because they do not mention defendant Meier, much less complain of any specific action she has taken.  (ECF No. 92-1, PageID.551-57; ECF No. 92-2, PageID.654-57).  Further, the latter grievance could not properly exhaust any claim at issue here because it was filed on February 6, 2016 (ECF No. 92-1, PageID.555), months after plaintiff filed his amended complaint.
[6] This prisoner number was assigned to former MDOC inmate Chad Bryant.

unspecified occasions this cellmate had twice assaulted him, the most recent of which resulted in a black eye. Plaintiff claimed that prisoner Bryan told him that Corrections Officer Upper told prisoner Bryan that he was "glad he beat [plaintiff] down." (*Id.*). Plaintiff asked to be moved to a single-man cell. He alleged that ARUS Woldhuis violated his First and Eighth Amendment rights. (*Id.*).

The Step I response described the investigation of this grievance. Counselor Rozen related that he was in contact with plaintiff on most days. Plaintiff had never reported any assault; nor did he ever exhibit a black eye or any other type of bruise. (ECF No. 92-2, PageID.613). Plaintiff expressed a belief that informants were being placed in his room and had been for years. Plaintiff reported that his current roommate was clean and did not "cause him any trouble." (*Id.*). Plaintiff "never reported his alleged assault or injuries to staff and only wanted to be moved to a single man cell." (*Id.*). Plaintiff indicated that he was not having any trouble with his cellmate. (*Id.*).

Plaintiff pursued unsuccessful Step II and Step III appeals. (*Id.* at PageID.610). The warden considered plaintiff's grievance resolved at Step II because plaintiff reported that he was not having any trouble with his current cellmate. (*Id.* at PageID.611). The Step II response was upheld at Step III. (*Id.* at PageID.609)

B. <u>MTU-14-10-1339-3F</u>

On October 1, 2014, MTU's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. MTU-14-10-1339-3F. (ECF No. 92-2, PageID.607). This was a grievance against Counselor Rozen. Plaintiff complained

that Counselor Rozen had placed him with prisoner Conus Russell, # 758445. Plaintiff stated that Russell dressed "with his do rag, orange hat, therm[al] underwear," and that he kept the cell's window open, allowing cold air to blow down on plaintiff. (*Id.*). Russell also "play[ed] his radio loud," in violation of a prison housing rule, and had his "home boys from Pontiac" stare at plaintiff. Plaintiff claimed that assigning prisoner Russell as his cellmate violated a policy directive regarding humane treatment and living conditions. He also asserted it was retaliation for filing an unspecified civil rights lawsuit.

ARUS Woldhuis provided the Step I response to plaintiff's grievance. He noted that prisoner Russell was plaintiff's "15th Bunkie . . . since he entered the room on 1/1/12." (*Id.* at PageID.608). Plaintiff's only legitimate complaint concerned the radio volume. Prison staff would be reminded to enforce the applicable rule. ARUS Woldhuis stated that roommates are expected to get along with each other. The grievance was considered resolved at Step I because plaintiff reported that he had worked it out with prisoner Russell, and they were getting along. (*Id.*).

Plaintiff pursued unsuccessful appeals to Steps II and III. The warden considered plaintiff's grievance resolved at Step II. Plaintiff's appeal did not describe any new problems that plaintiff was experiencing with prisoner Russell. The warden reiterated that having cellmates is part of the prison system and that plaintiff must learn to get along with his cellmates. (*Id.* at PageID.606). The Grievance Section of the Office of Legal Affairs denied plaintiff's Step III appeal. (*Id.* at PageID.604).

-9-

On May 1, 2015, plaintiff filed this lawsuit in the United States District Court for the Eastern District of Michigan. (ECF No. 1). On May 20, 2015, plaintiff filed his amended complaint. (ECF No. 8).

On July 12, 2017, Judge Denise Page Hood entered an opinion and order dismissing all plaintiff's claims, except the claims addressed herein. (ECF No. 47). On May 31, 2018, Magistrate Judge R. Steven Whalen entered an order transferring the case here. (ECF No. 85).

## Discussion

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them, as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220.

Plaintiff's responses to defendants' motion for partial summary judgment (ECF No 93, 94) fails to specifically address the issue of exhaustion of administrative remedies. His argument that defendants waived all defenses by not filing an answer (ECF No. 94, PageID.676-77) is untenable. "By virtue of 42 U.S.C. § 1997e(g)(1), no defendant is required to file a response to the complaint. . . . No default will be entered against any defendant for exercising the right under section 1997e(g)(1) not to respond to the complaint." (ECF No. 89, PageID.494). The Court did not order any defendant to file an answer to plaintiff's amended complaint.

Plaintiff did not properly exhaust any claim against defendants before he filed this lawsuit. Defendants have carried their burden on the affirmative defense and

-10-

are entitled to dismissal of all of plaintiff's claims, except the claims against ARUS Woldhuis and Counselor Rozen that are excluded from defendant's motion for summary judgment.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Court grant defendants' motion for partial summary judgment (ECF No. 91) based on the affirmative defense of failure to exhaust administrative remedies, and dismiss without prejudice all plaintiff's claims, other than his claims against ARUS Woldhuis stemming from housing him with prisoner Chad Bryant and against Counselor Rozen stemming from housing him with prisoner Conus Russell.


Dated:   January 8, 2019             /s/  Phillip J. Green
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge


## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).