UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH GREGORY DUNBAR, #129278,<br>                 Plaintiff,<br>-v-<br>DANIEL HEYNS, et al.,<br>                 Defendants. | No. 1:18-cv-617<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Joseph Dunbar, a prisoner under the control of the Michigan Department of Corrections (MDOC), alleges multiple violations of his constitutional rights by MDOC employees. A number of claims and defendants have already been dismissed.

The remaining defendants filed a motion for summary judgment, arguing that Dunbar has not properly exhausted his administrative remedies for some of the remaining claims. The magistrate judge reviewed the submissions and issued a report recommending that the motion be granted. (ECF No. 97.) Dunbar filed objections. (ECF No. 98.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The magistrate judge recommends dismissing all remaining claims with the exception of two claims: (1) Dunbar's claim against Defendant Woldhuis for placing prisoner Chad Bryant in Dunbar's cell, and (2) Dunbar's claim against Defendant Rozen for placing prisoner Conus Russell in Dunbar's cell.  In their motion, Defendants made clear that they did not seek summary judgment on these two claims: "In sum, Defendants do not dispute that Dunbar complied with the exhaustion requirement with respect to his claims against Rosen and Woldhuis based on [Dunbar's] allegation that they placed him with inappropriate roommates."  (ECF No. 92 Def. Br. at 10 PageID.517.)  Defendants addressed all of the other remaining claims and discussed where those claims were or were not raised in various grievances.  The magistrate judge summarized the documents exhausting the two claims that will survive.

Objections 1 and 2.  These are not proper objections.  Dunbar simply summarizes the history of this lawsuit.  These two objections do not identify any error in the proposed facts or conclusions of law in the R&R.

Objection 3.  Dunbar asserts that the motion, brief and attached affidavit do not contain a statement swearing to the truth of the matters asserted.  This objection is overruled.  In the affidavit, Department Analyst Carolyn Nelson certifies that the attached records are true and accurate copies which are regularly compiled and maintained in the course of business.  The affidavit is certified by a notary public.  The statement is sufficient for the purpose of the motion.  Nelson is not attesting to the facts contained within the records.

Objection 4.  Dunbar asserts, based on his experience, that he would never file a lawsuit raising a claim based on a grievance that had not been exhausted through all three

steps. This objection is overruled. This statement is not sufficient to create a genuine issue of material fact in light of the records submitted by the MDOC.

Objections 5 and 6. Dunbar argues he made a demand for a jury trial and that it is improper for a judge, rather than a jury, to resolve his claims. Dunbar's objection is overruled. The right to a jury trial exists when there are genuine issues of material fact for a jury to resolve. *Ex parte Peterson*, 253 U.S. 300, 310 (1920); *Robinson v. Brown*, 320 F.2d 503, 504 (6th Cir. 1963).

Objection 7. Dunbar argues that no judge has made any findings of fact or conclusions of law to dismiss Defendant Heyns or his claim that he was injected with Hepatitis C. This objection is overruled. The objection regarding Defendant Heyns is improper here as it does not address any proposed finding of fact or conclusion on of law in this R&R. Judge Hood dismissed Defendant Heyns as part of her initial review of the complaint. (ECF No. 47 PageID.344-45.) Judge Hood concluded that the complaint failed to allege any personal involvement by Defendant Heyns. For his Hepatitis C claim, the magistrate judge concluded that the claim was not properly exhausted. In the R&R, the magistrate judge summarized the grievances that properly exhausted claims and concluded that the other claims were not properly exhausted. In their motion, Defendants pointed out that Dunbar did not file any grievance alleging that any named defendant was involved in the medical care that allegedly led to him being infected with Hepatitis C. Dunbar did not specifically address this argument in his responses to the motion for summary judgment.

Objection 8. Dunbar asserts he requested entry of default, a motion not mentioned in the R&R. This objection is overruled. The R&R addressed this claim on page 10, PageID.693. Defendants were not yet obligated to file a response to the complaint.

Objection 9. Dunbar contends venue was proper in the Eastern District and that any failure to exhaust should be excused because prison administrators have thwarted his ability to exhaust grievances. This objection is overruled. The venue issue has already been resolved and is not part of the R&R. Dunbar's blanket assertion of his inability to exhaust grievance, without any additional explanation, is insufficient. His argument is undermined by the voluminous documents submitted by the MDOC showing that Dunbar routinely submits grievances and appeals.

Having reviewed the Report and Recommendation and Objections, the Report and Recommendation (ECF No. 97) is **ADOPTED** as the Opinion of this Court. Defendants' motion for partial summary judgment (ECF No. 91) is **GRANTED**. All claims with the exception of two are dismissed. The only claims that survive are Dunbar's claim against Woldhuis for placing Chad Bryant in Dunbar's cell and Dunbar's claim against Rozen for placing Conus Russell in Dunbar's cell.

**IT IS SO ORDERED.**

Date: January 24, 2019	/s/ Paul L. Maloney
	Paul L. Maloney
	United States District Judge