UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSEPH GREGORY DUNBAR, )
#129278, )
 )
       Plaintiff, )
 ) Case No. 1:18-cv-617
v. )
 ) Honorable Paul L. Maloney
BRADLEY ROZEN, et al., )
 )
       Defendants. )
_____)

## REPORT AND RECOMMENDATION

This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's complaint arises out of conditions of his confinement at the Richard A. Handlon Correctional Facility. The defendants are Assistant Resident Unit Supervisor (ARUS) Robert Woldhuis and Counselor Bradley Rozen. Plaintiff alleges that ARUS Woldhuis violated his First and Eighth Amendment rights by placing prisoner Chad Bryant in his cell. He alleges that Counselor Rozen violated his First and Eighth Amendment rights by placing prisoner Conus Russell in his cell.

The matter is before the Court on plaintiff's motion for rehearing (ECF No. 101), his motion for a default judgment (ECF No. 103), and his motion for summary judgment (ECF No. 110). Defendants oppose the motions. (*See* ECF No. 107, 112). Plaintiff filed a reply brief in support of his motion for a default judgment. (ECF No. 111). For the reasons set forth herein, I recommend that plaintiff's motions be denied.

## Discussion

I.  **Motion for Rehearing**

Plaintiff filed this lawsuit in the United States District Court for the Eastern District of Michigan. On July 12, 2017, Judge Denise Page Hood completed screening of plaintiff's amended complaint. She dismissed all plaintiff's claims attacking his sentence and she did not order service of plaintiff's amended complaint against Warden Burton. (Op. & Order, 4-5, 9, ECF No. 47, PageID.343-44, 348).

On May 31, 2018, Magistrate Judge Steven Whalen entered an Order granting Defendants motion to transfer the matter to the Western District of Michigan and directing the Clerk's Office to transfer the file. (ECF No. 85, PageID.477; ECF No. 86).

On January 8, 2019, I entered a report and recommendation, recommending that the Court grant defendants' motion for partial summary judgment, and dismiss all plaintiff's claims, other than his claims against ARUS Woldhuis stemming from housing him with prisoner Chad Bryant and against Counselor Rozen stemming from housing him with prisoner Conus Russell. Plaintiff filed objections. (ECF No. 98). On January 24, 2019, Judge Paul Maloney overruled plaintiff's objections and adopted the report and recommendation. (1/24/19 Order, ECF No. 99). "The only claims that survive are Dunbar's claim against Woldhuis for placing Chad Bryant in Dunbar's cell and Dunbar's claim against Rozen for placing Conus Russell in Dunbar's cell." (*Id.* at 4, PageID.705).

On February 6, 2019, plaintiff filed a "Petition for Rehearing," arguing that the above-referenced order is deficient because it did not address his petition for habeas corpus under 28 U.S.C. § 2241 claiming that his sentence is incorrect and that he should have been awarded disciplinary credits. (ECF No. 101). I find no basis for disturbing the Court's order.

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' " *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). Judge Hood dismissed all plaintiff's claims against Warden Burton.

"[F]ederal district courts lack jurisdiction to consider second or successive habeas petitions without preauthorization from the relevant Court of Appeals." *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (*per curiam*) and 28 U.S.C. § 2244(b)(3)). Plaintiff required leave of the Sixth Circuit to file a second or successive petition. *See In re Dunbar*, No. 11-2595 (6th Cir. Aug. 9, 2012) (denying plaintiff's fifth application for leave to file a second or successive habeas corpus petition).[1] There is no habeas corpus claim before this Court. I recommend that plaintiff's motion for rehearing be denied.

---

[1] A copy of the Sixth Circuit's decision is found in the record. (*See* ECF No. 8, PageID.85-87).

## II. Motion for a Default Judgment

On January 28, 2019, the Court entered its amended case management order. (1/28/2019 Order, ECF No. 100). Among other things, the Court ordered defendants to file their response to plaintiff's amended complaint "on or before February 27, 2019." (*Id.* at 1, PageID.706). On February 27, 2019, defendants filed their Answer. (ECF No. 109).

Defendants' Answer was timely. The Court should deny plaintiff's motion for entry of a default judgment (ECF No. 103).

## III. Motion for Summary Judgment

On March 8, 2019, plaintiff filed a motion for summary judgment asking the Court to order his immediate release from prison and to award him $3,000,000 in damages.[2] (ECF No. 110). Plaintiff's brief is devoid of any developed argument addressing the remaining claims in this case. He has not presented evidence in support of his claims, much less the level of evidence required of a moving party with the burden of proof. *See Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). I recommend that plaintiff's motion for summary judgment be denied.

---

[2] Plaintiff's motion for summary judgment includes a request for the alternative relief of being considered as a "Motion in Opposition to Defendants' Motion for Summary Judgment." (ECF No. 110, PageID.742). There is no foundation for granting plaintiff's alternative request because no motion for summary judgment was pending at the time plaintiff filed his motion. On June 25, 2019, defendants filed a motion for summary judgment. (ECF No. 116). Plaintiff's recourse is to file a response brief under W.D. MICH. LCIVR 7.2(c), not a "motion" asking that defendants' motion be denied.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Court deny plaintiff's motion for rehearing (ECF No. 101), his motion for a default judgment (ECF No. 103), and his motion for summary judgment (ECF No. 110).

Dated:  July 1, 2019  /s/  Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).