UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH GREGORY DUNBAR, #129278,<br>Plaintiff,<br>-v-<br>BRADLEY ROZEN and ROBERT WOLDHUIS,<br>Defendants. | No. 1:18-cv-617<br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION and MODIFYING REPORT AND RECOMMENDATION AS TO OBJECTION 7 (HABEAS CLAIM)

The magistrate judge issued a report recommending the Court deny three motions filed by Plaintiff Joseph Dunbar. (ECF No. 120.) Dunbar filed objections. (ECF No. 123.) For the reasons provided below, Dunbar's objections are overruled and the Court will adopt the report and recommendation.

I.

The standards for considering objections to a report and recommendation are well-settled. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is

not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72."
*Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

II.

Objection 1.  Lack of Facts

Dunbar contends the report and recommendation lacks facts. This objection is overruled. Rule 72, not Rule 52, governs the report and recommendation. Neither rule specifies a particular format for a finding of fact or a proposed finding of fact. Neither rule requires each and every finding of fact or proposed finding of fact be specifically numbered. Through the discussion of each motion, the magistrate judge sets for the proposed findings of fact for each recommendation.

Objection 2.  Date of Screening

Dunbar contends the magistrate judge erred when stating that the petition was screened on July 12, 2017. This objection is overruled. The magistrate judge correctly stated that a screening occurred on July 12, 2017. Dunbar is correct that a screening also occurred on May 6, 2015. Correction of any error does not alter any of the material facts or recommendations relevant to this R&R.

Objections 3 and 4

Neither of these objections address a material fact set forth in the R&R. These two objections merely recite some history of this lawsuit. At best, these objections identify issues resolved in other orders that are not part of the report and recommendation. These objections are overruled.

Objection 5.  Lack of Proper Support for Summary Judgment Motions

Dunbar argues Defendants have failed to support their motions for summary judgment with properly sworn affidavits.  This objection is overruled.  This objection does not address any proposed finding of fact, conclusion of law, or recommendation in the report and recommendation.  The magistrate judge does not address any motion filed by Defendants in this R&R.

Objection 6.  Jury Trial

Dunbar asserts his right to a jury trial.  This objection is overruled.  The objection does not address any proposed finding of fact or conclusion of law in the report and recommendation.  Dunbar has not explained how his right to a jury trial is implicated by the recommended disposition of any of his motions resolved in this report and recommendation.  Furthermore, the right to a jury trial does not preclude dismissal of claims through well-established pretrial procedures and motions.

Objection 7.  § 2241 Habeas Petition

In resolving Dunbar's motion for rehearing, the magistrate judge explained why no habeas claim was before the Court as part of this lawsuit.  (R&R at 3 PageID.881.)  Dunbar objects, referring to a footnote in the order transferring this lawsuit from the Eastern District to the Western District of Michigan.  (ECF No. 85 Order of Transfer at 1 n.1 PageID.474).

Dunbar's objection is overruled.  The magistrate judge correctly and accurately described the status of Dunbar's habeas claim.

In addition, the R&R is MODIFIED to supplement the R&R with the following discussion to clarify the status of any habeas claim in this lawsuit.

After remand from the Sixth Circuit, Judge Denise Hood conducted a primary screening of the complaint under 28 U.S.C. § 1915(e)(2). (ECF No. 47.) Judge Hood addressed the viability of Dunbar's challenge to the length of his state court sentence as a § 1983 claim. (*Id.* at 4-5 PageID.343-44.) The civil rights challenge to the length of his sentence was dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.*) Finding no other viable claims against Defendant DeWayne Burton, the warden of the facility where Dunbar is incarcerated, Judge Hood dismissed the civil rights complaint against Defendant Burton. (*Id.* at 9 PageID.348.) Defendant Burton has never been served with the summons and complaint.

The United States Supreme Court has explained that "[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1987, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). Causes of action arising from the conditions and circumstances of confinement are brought through claims under § 1983 and are subject to various procedures and consequences set forth in the Prison Litigation Reform Act (PLRA). *See id.; Moran v. Sondalle*, 218 F.3d 647, 649 (7th Cir. 2000) (per curiam). Challenges to the validity and duration of a conviction are brought through habeas applications and are subject to different procedures and consequences set forth in the Antiterroism and Effective Death Penalty Act (AEDPA). *See Muhammad*, 540 U.S. at 750; *Moran*, 218 F.3d at 649. Because the requirements for the two types of lawsuits are different, the Seventh Circuit explained that it was "important to classify [the] cases correctly." *Moran*, 218 F.3d at 649.

The Seventh Circuit also noted that prisoners "may be tempted to choose one route rather than another to avoid" the various procedures and consequences set forth in the two statutes. *Moran*, 218 F.3d at 649. A "hybrid" action involving both types of claims "presents significant problems and courts must be on guard for attempts to use § 1983" to avoid the restrictions contained in the AEDPA. *Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015). Where prisoner have sought to bring a hybrid habeas and civil rights claims, courts have directed the prisoners to file separate actions. *See, e.g.*, *Kirk v. Jablonski*, No. 18-cv-288, 2019 WL 1283009, at *1 (D.N.M. Mar. 20, 2019).

Since his lawsuit was filed, the courts have consistently treated Dunbar's lawsuit as a civil rights lawsuit brought under § 1983. In her initial review of the lawsuit, Judge Hood determined Dunbar filed a civil rights complaint under § 1983 and not an application for habeas relief. Dunbar did not seek reconsideration of that conclusion. Judge Hood dismissed Dunbar's civil rights challenge to the length of his sentence as barred by *Heck v. Humphrey*. Dunbar did not seek reconsideration of that conclusion. Judge Hood did not order the summons and complaint be served on Warden Burton, who would have been the only proper defendant for a habeas claim. Dunbar did not seek reconsideration of that conclusion. Magistrate Judge R. Steven Whalen granted Dunbar's application to proceed without prepayment of the filing fee and allowed the $350 filing fee to be paid over time by withdrawals from his prison trust fund. (ECF No. 46.) That amount is the filing fee for a civil action, and not the filing fee for a habeas application, which is only five dollars. The one exception to treating the lawsuit as a civil rights claim rather than habeas claim is the footnote contained in the magistrate judge's order transferring the case from the Eastern

District to the Western District.  That comment is not binding and fails to note that all of the claims brought against Defendant Burton had been dismissed.

As this case has been litigated, Dunbar has not presented a habeas application to challenge the duration of his sentence.  He does not have a pending habeas claim.

Objection 8

This objection does not address any finding of fact or conclusion of law set forth in the R&R.  Rather, Dunbar merely asserts that he has viable claims.  This objection is overruled.

### III.

Having reviewed the objections de novo, the Court **ADOPTS** the Report and Recommendation as the Opinion of this Court, with **MODIFICATIONS** to supplement the discussion of Objection 7.

Dunbar's motion for a rehearing (ECF No. 101) is **DENIED;** his motion for default judgment (ECF No. 103) is **DENIED**; and his motion for summary judgment (ECF No. 110) is **DENIED.**

**IT IS SO ORDERED.**

Date:  July 17, 2019               /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   United States District Judge