UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DUNBAR #129278,

    Plaintiff,                                       Hon. Paul L. Maloney

v.                                                      Case No. 1:18-cv-617

BRADLEY ROZEN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff initiated this action against several employees of the Michigan Department of Corrections (MDOC) alleging numerous violations of his constitutional rights. At this juncture, the only claims remaining in this matter are that Defendants Woldhuis and Rozen each assigned certain inmates to bunk with Plaintiff for the purpose of violating Plaintiff's rights. (ECF No. 99). Presently before the Court is Plaintiff's Motion for Preliminary Injunction. (ECF No. 118). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

    In his motion for injunctive relief, Plaintiff identifies a variety of harms he is allegedly experiencing. For example, Plaintiff asserts that he lives "in fear of being poisoned" by unidentified MDOC employees as retaliation for pursuing civil lawsuits to vindicate his rights. Plaintiff asserts that medical providers have conspired "to make [him] appear crazy and place [him] on psychotropic medication to render [him] helpless" to pursue legal relief. Plaintiff further alleges that he was not afforded the opportunity

to challenge the decision to treat him with psychotropic medication. Plaintiff requests that the Court "immediately order [him] released or transfer [him] to a federal prison."

Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). These are not dispositive prerequisites, but rather, competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

While the Court is not unsympathetic to Plaintiff's allegations, the Court cannot overlook the fact that Plaintiff's motion, while properly sworn, nevertheless consists primarily of vague and conclusory assertions rather than discrete and specific factual allegations. Plaintiff's assertions do not establish that Plaintiff is likely to prevail on

any claim arising from the facts herein alleged. While Plaintiff's allegations implicate important rights, Plaintiff has failed to demonstrate that such cannot sufficiently be redressed through a claim for monetary damages. Thus, Plaintiff has failed to establish that he will suffer irreparable harm in the absence of injunctive relief. Furthermore, the public interest is not served by interfering in the day-to-day operations of a correctional facility in the absence of evidence warranting such. Finally, given that Plaintiff's requested relief is dramatically out of proportion to the harms alleged, granting such is likewise contrary to the public interest. Accordingly, the undersigned recommends that Plaintiff's motion for injunctive relief be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction (ECF No. 118) be denied.

Dated: October 8, 2019

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).