UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DUNBAR #129278,

    Plaintiff,                                   Hon. Paul L. Maloney

v.                                                   Case No. 1:18-cv-617

BRADLEY ROZEN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff initiated this action against several employees of the Michigan Department of Corrections (MDOC) alleging numerous violations of his constitutional rights. At this juncture, the only claims remaining in this matter are that Defendants Woldhuis and Rozen each assigned certain inmates to bunk with Plaintiff for the purpose of violating Plaintiff's rights. (ECF No. 99). Presently before the Court is Defendants' Motion for Summary Judgment. (ECF No. 116). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this matter terminated.

## SUMMARY JUDGMENT STANDARD

    Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient

opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.

In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

As noted above, the only claims remaining in this matter are asserted against Defendants Rozen and Woldhuis. Plaintiff alleges that Defendants violated his rights by assigning certain inmates to his cell for the purpose of violating Plaintiff's rights. The specific allegations against Defendants Rozen and Woldhuis are not contained in Plaintiff's amended complaint, (ECF No. 8), but are instead contained in two Step I

prison grievances referenced and incorporated therein.  (ECF No. 8 at PageID.74; ECF No. 92-2 at PageID.607, 612).[1]  In these grievances, Plaintiff alleges the following.

A. Defendant Woldhuis

On May 26, 2016, inmate Chad Bryant[2] "was drunk, urinating in the room, throwing it out the window, passing gas, yelling and laughing, [and] standing on the desk."  (ECF No. 92-2 at PageID.612).  Bryant informed Plaintiff that he had been placed in Plaintiff's cell by Woldhuis to "teach [Plaintiff] a lesson."  Plaintiff alleges that Woldhuis' conduct constituted unlawful retaliation in violation of his First Amendment rights, as well as cruel and unusual punishment in violation of his Eighth Amendment rights.  (*Id.*).

B. Defendant Rozen

Defendant Rozen assigned inmate Conus Russell to bunk with Plaintiff.  (ECF No. 92-2 at PageID.607).  Rozen took this action as retaliation for Plaintiff having previously "complained" about not receiving a receipt for a grievance he filed against food services.  While housed with Plaintiff, Russell kept the window open causing cold air to blow onto Plaintiff.  Russell also played his radio too loud and talked with "visitors," preventing Plaintiff from completing his legal work.  Plaintiff alleges that Rozen's

---

[1] The Court notes that while Plaintiff's amended complaint is properly verified, the allegations in the grievances incorporated therein are not properly sworn and, accordingly, do not constitute evidence in response to the present motion.

[2] This inmate is referred to as "Brian" in Plaintiff's grievance, but as the Court previously noted, the prisoner in question appears to be named Chad Bryant.  (ECF No. 97 at PageID.690).

conduct constituted unlawful retaliation in violation of his First Amendment rights, as well as cruel and unusual punishment in violation of his Eighth Amendment rights. (*Id.*).

    C.    Retaliation

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action – in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

In support of their motion, Defendants have both submitted affidavits in which they assert that their duties included "assigning" or "overseeing" housing for prisoners including Plaintiff. (ECF No. 117 at PageID.862-64, 866-68). Defendants Woldhuis and Rozen both assert, however, that they never assigned another prisoner to Plaintiff's cell for improper reasons. (*Id.*). While Plaintiff's response to the present motion, as well as his amended complaint, are properly sworn, neither contain factual allegations sufficient to enable Plaintiff to prevail on either of his remaining retaliation claims. (ECF No. 124). Likewise, Plaintiff has failed to identify or cite to any evidence in support of his claims. Instead, Plaintiff's response, like his amended complaint, contains nothing more than legal conclusions, unsubstantiated hearsay assertions, and

irrelevant arguments. Accordingly, the undersigned recommends that, with respect to Plaintiff's retaliation claims, Defendants Woldhuis and Rozen both be granted summary judgment.

### D. Cruel and Unusual Punishment

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations that occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The analysis by which Defendants' conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, Plaintiff must establish that he suffered an "extreme" deprivation that deprived him of the "minimal civilized measure of life's necessities." *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)).

If the objective test is met, the Court must then determine whether Defendants acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In other words, was Defendant deliberately indifferent to Plaintiff's health or safety. *Ibid.* But the Eighth Amendment is not implicated where prison officials simply acted with negligence. *See Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). In sum, to establish that Defendants acted with deliberate indifference, Plaintiff must "present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed]

that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 829, 847).

Even if the Court assumes that Plaintiff can satisfy the objective prong of the analysis, his claims fail the subjective prong. As noted above, Defendants Woldhuis and Rozen both assert that they never assigned another prisoner to Plaintiff's cell for improper reasons. (ECF No. 117 at PageID.862-64, 866-68). Defendants further assert that they were never aware that any inmate assigned to bunk with Plaintiff posed any threat or risk to Plaintiff's safety. (*Id.*). Again, in neither his amended complaint, nor his response to the present motion, has Plaintiff presented or identified any evidence which would enable him to prevail on his Eighth Amendment claims. Instead, Plaintiff's response, like his amended complaint, contains nothing more than legal conclusions, unsubstantiated hearsay assertions, and irrelevant arguments. Accordingly, the undersigned recommends that with respect to Plaintiff's Eighth Amendment claims, Defendants Woldhuis and Rozen both be granted summary judgment.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (ECF No. 116), be granted and this matter terminated.

Dated: October 9, 2019                     /s/ Phillip J. Green
                                                        PHILLIP J. GREEN
                                                        United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).